UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

HAYND ("CLAUDIA") KIRKSEY,

           Plaintiff(s),

v.

GEICO CASUALTY COMPANY,

           Defendant(s).

Case No. 2:18-CV-946 JCM (CWH)

ORDER

Presently before the court is defendant Geico Casualty Company's ("Geico") motion to dismiss. (ECF No. 6). Plaintiff Haynd Kirksey filed a response (ECF No. 9), to which Geico replied (ECF No. 10).

Also before the court is Geico's motion to sever. (ECF No. 7). Kirksey filed a response (ECF No. 9), to which Geico replied (ECF No. 10).

**I.    Facts**

This action arises from Kirksey's automobile insurance claim against her insurer, Geico. (ECF No. 1-1). Kirksey alleges that on December 15, 2015, she was driving northbound on Commerce Street. *Id*. The vehicle in front of her slowed down to turn into a driveway, which forced Kirksey to come to a full stop. *Id*. Non-party Madison Johnae Revis, who was negligently driving behind Kirksey, rear ended Kirksey's vehicle. *Id*.

According to the complaint, Kirksey sustained permanent bodily injuries, suffered great mental and physical pain, and incurred damages in the amount of $165,652.00. *Id*. The parties do not dispute that Revis was insured with Progressive Insurance Company, which paid Kirksey the $50,000.00 policy limit. (ECF Nos. 1-1, 6, 7).

**James C. Mahan**
**U.S. District Judge**

Kirksey further alleges that at the time of the collision she had an automobile insurance policy with Geico, which provided uninsured/underinsured motorist insurance coverage. (ECF No. 1-1). Kirksey claims to have demanded from Geico the $100,000.00 policy limit in order to cover the damages that she incurred as a result of the collision. *Id*. After reviewing Kirksey's insurance claim, one of Geico's adjusters allegedly submitted an approval for payment of a substantial amount of the insurance benefit. *Id*. Thereafter, Geico allegedly issued a claim decision that Kirksey was not entitled to any insurance payments for her claim. *Id*.

Kirksey alleges that she submitted several written requests in an effort to understand Geico's position. *Id*. Geico allegedly delayed responding to Kirksey and failed to provide a sufficient explanation for its decision. *Id*.

On April 18, 2018, Kirksey initiated this action in Nevada state court. (ECF No. 1-1). In the state court complaint, Kirksey asserts three causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) violation of the Nevada Unfair Claims Practices Act, NRS 686A.310. *Id*.

On May 23, 2018, Geico removed this action to federal court. (ECF No. 1). Now, Geico moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, sever and stay the claim for breach of the implied covenant of good faith and fair dealing. (ECF Nos. 6, 7).

**II.     Legal Standard**

*a. Failure to state a claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

James C. Mahan
U.S. District Judge

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

b. *Stay*

Courts have broad discretion in managing their dockets. *See, e.g.*, *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936) (courts have the inherent power to "control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel and for litigants"). In exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* Fed. R. Civ. P. 1.

**III.    Discussion**

Geico moves to dismiss Kirksey's claims for breach of the implied covenant of good faith and fair dealing and violation of NRS 686A.310. (ECF No. 6). In the alternative, Geico moves to sever and stay Kirksey's claim for breach of the implied covenant of good faith and fair dealing. (ECF No. 7).

*a. Breach of the implied covenant of good faith and fair dealing*

"It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 163 P.3d 420, 426–27 (Nev. 2007). The purpose of the claim is to prevent a contracting party from "deliberately counterven[ing] the intention and spirit of the contract." *Morris v. Bank of America Nevada*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege (1) plaintiff and defendant were parties to a contract; (2) defendant owed a duty of good faith the plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied. *See Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919 (Nev. 1991).

Here, Kirksey alleges that she entered into a valid insurance contract with Geico. (ECF No. 1-1). Kirksey further alleges that Geico unfaithfully performed under the contract when it denied paying benefits despite having an adjuster submit an approval for payments to Kirksey. *Id.* These allegations, and the corresponding details in the complaint, are sufficient to state a plausible claim for breach of the implied covenant of good faith and fair dealing. Thus, the court will deny Geico's motion to dismiss as to this claim.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

*b. NRS 686A.310*

The Nevada Unfair Claims Practices Act, codified at Section 686A.310 of the Nevada Revised Statutes, addresses "the manner in which an insurer handles an insured's claim." *Zurich Am. Ins. Co. v. Coeur Rochester*, Inc., 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010). The statute lists sixteen activities that constitute unfair practices. Nev. Rev. Stat. § 686A.310(1)(a)-(p). When an insurance company engages in one of these prohibited activities, the insured may bring a private right of action against the insurer for violations of the statute. *See Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F.Supp. 900, 903 (D. Nev. 1994).

Kirksey identifies five provisions of the Unfair Claims Practices Act that Allstate allegedly violated. These provisions read:

> (b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
>
> (c) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.
>
> (e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.
>
> (f) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.
>
> (n) Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts o the insured's claim and the applicable law for any act set forth in subsection 1 as an unfair practice.

Nev. Rev. Stat. 686A.310(1)(b), (c), (e), (f), (n).

NRS 686A.310(1) contains many subsections, which include prohibitions on unreasonable delays, not instituting reasonable standards for prompt resolution of claims, and offering unreasonable or unfair settlements. *See* Nev. Rev. Stat 686A.310(1)(b), (c), (e), (f), (n). Kirksey's allegations in support of her claims of violation of the Nevada Unfair Claims Practices Act do not include any details as to how Geico failed to act promptly, compelled Kirksey to initiate litigation, or failed to provide a reasonable explanation for its decision. *See* (ECF No. 1-1). Accordingly, because Kirksey has essentially recited the relevant subsections under NRS 686A.310(1), the court will dismiss without prejudice Kirksey's third cause of action. *See Starr*,

**James C. Mahan**
**U.S. District Judge**

- 5 -

652 F.3d at 1216 ("allegations in a complaint or counterclaim may not simply recite the elements of a cause of action").

*c. Sever and stay*

Geico argues that the court should sever and stay Kirksey's claim for breach of the implied covenant of good faith and fair dealing in order to simplify the issues for trial and conserve resources. (ECF No. 7). However, considering the simple nature of this litigation and the close relation between the breach of contract claim and the breach of covenant claim, there is no advantage to bifurcating this case. Accordingly, the court will deny Geico's motion to sever and stay. *See, e.g.*, *Landis*, 299 U.S. at 254 (courts have the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants").

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Geico's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that Geico's motion to sever (ECF No. 7) be, and the same hereby is, DENIED.

DATED January 9, 2019.

_____
UNITED STATES DISTRICT JUDGE